## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DOMINICK MESSINEO**

        Petitioner,

v.                                                                             **Civil Action No. 2:06cv100**
                                                                              **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts that he is entitled to relief under § 2241 because the indictment presented in his underlying criminal case was insufficient as a charging document and because the Court imposed a sentence which violates the petitioner's Fifth and Sixth Amendment rights. In support of his claims, the petitioner cites Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 524 U.S. 296 (2004).[1] This case is before me for an initial review and report and recommendation pursuant to LR PL P 83.09, et seq.

---

[1] Blakely, as an extension of Apprendi, holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Moreover, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, 543 U.S. 220 (2005). Specifically, in Booker, the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. Thus, the petitioner's Blakely claim is really a Booker claim.

## I. Factual and Procedural History

On June 23, 2005, the petitioner pled guilty to possession with intent to distribute Oxycodone and Methadone and to being a felon in possession of a firearm before the Honorable Irene M. Keeley. See United States v. Messineo, 1:05cr19(1) (N.D.W.Va. 2005). On October 3, 2005, the petitioner was sentenced to 78 months imprisonment on both counts, the sentences to be served concurrently. The petitioner did not file a direct appeal or a motion to vacate his sentence under 28 U.S.C. § 2255. Id.

## II. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy

2

is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Here, the petitioner clearly attacks the validity of his sentence rather than the means of execution and is seeking relief in this Court under § 2241 by attempting to invoke the savings clause of § 2255. However, Apprendi, Blakely, and even Booker,[2] was all decided prior to the petitioner's plea agreement and sentencing. Thus, the petitioner clearly had the opportunity to raise his claims at the time he was sentenced, on direct appeal if one had been filed, or in a timely § 2255 motion. Petitioner is not entitled to invoke the savings clause of § 2255 merely because he failed to pursue the proper channels of review and is now barred from doing so. Accordingly, the petitioner cannot show that § 2255 is inadequate or ineffective to test the legality of his sentence and he is not entitled to relief under § 2241.

### III. Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that the petitioner's § 2241 petition be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this recommendation, any party may

---

[2] Booker was decided January 12, 2005.

file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 14, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE